## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                   No. CV-06-0007 JC/WPL
                                                                                   CR-96-220 JC

ULYSSES HARPER, JR.,

      Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion To Correct Sentence (CV Doc. 1; CR Doc. 611) filed January 3, 2006.  The motion invokes Civil Rule 60(b) as the statutory basis for attacking Defendant's criminal conviction and sentence.  Judgment was entered on Defendant's conviction in 1997, and the Court of Appeals for the Tenth Circuit affirmed in 1998, *see United States v. Harper*, No. 97-2153, 1998 WL 794972 (10th Cir. Nov 16, 1998).

The relief Defendant seeks, if available, must be pursued under 28 U.S.C. § 2255.  The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"), and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992).  As grounds for his motion, Defendant asserts that his sentence is illegal under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and resulted from mistake, fraud, inadvertence, and excusable neglect.  Defendant's claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the

Constitution or laws . . . , or . . . the court was without jurisdiction to impose such sentence."   §

2255.  The motion should be construed under § 2255.

In the usual case where a defendant files a non-§ 2255 motion attacking a conviction or

sentence,

> district courts should not recharacterize a motion purportedly made under some other
> rule as a motion made under § 2255 unless (a) the movant, with knowledge of the
> potential adverse consequences of such recharacterization, agrees to have the motion
> so recharacterized, or (b) the court finds that, notwithstanding its designation, the
> motion should be considered as made under § 2255 because of the nature of the relief
> sought, and offers the movant the opportunity to withdraw the motion rather than
> have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States*

*v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  Here, however, notification of recharacterization

is not required because § 2255's one-year limitation period has long expired.  *See United States v.*

*Martin*, 357 F.3d 1198, 1200 (10th Cir. Feb 9, 2004) ("failure to notify Appellant of the

recharacterization was harmless"); *and cf. United States v. Apodaca*, No. 03-8017, 2004 WL 179493,

at *1, n.5 (10th Cir. Jan. 30, 2004) ("concern [about petitioner's consent] is not triggered when the

petitioner has previously filed a § 2255 motion") (citing *United States v. Torres*, 282 F.3d 1241,

1245-46 (10th Cir. 2002)).   The Court will construe Defendant's motion under § 2255,

notwithstanding its designation under Civil Rule 60(b), because of the nature of the relief sought.

On review under 28 U.S.C. § 2255 R. 4(b), Defendant's motion appears to be barred as

untimely filed.  As indicated by the dates above, Defendant filed his motion long after expiration of

the one-year limitation period in § 2255.  His claims thus must be dismissed unless there is a basis for

tolling. *United States v. Cordova*, No. 99-1306, 1999 WL 1136759, at **1 (10th Cir. Dec 13, 1999).

The Court raises the time bar to this § 2255 motion sua sponte and will allow Defendant an

opportunity to respond. *See Hare v. Ray*, No. 00-6143, 2000 WL 1335428, at **1 (10th Cir. Sept. 15, 2000) (noting that timeliness was raised sua sponte and allowing response); *Hines v. United States*, 971 F.2d 506, 507-09 (10th Cir. 1992) (same for procedural default).  Defendant will be allowed to show cause why his § 2255 motion should not be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion To Correct Sentence (CV Doc. 1; CR Doc. 611) filed January 3, 2006, is construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255;

IT IS FURTHER ORDERED that, within thirty (30) days from entry of this order, Defendant shall file a response to this order showing cause, if any, why his motion should not be dismissed as untimely.

_____
SENIOR UNITED STATES DISTRICT JUDGE